

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-30-2004

# Nachtsheim v. Cont Airlines

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2775

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Nachtsheim v. Cont Airlines" (2004). *2004 Decisions.* Paper 308.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/308

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>**NOT PRECEDENTIAL**</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-2775

DAN NACHTSHEIM,

Appellant

v.

CONTINENTAL AIRLINES; INTERNATIONAL ASSOCIATION
OF MACHINISTS AND AEROSPACE WORKERS

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

(Dist. Court No. 01-cv-04482)
District Court Judge: Honorable Faith S. Hochberg

Submitted Under Third Circuit LAR 34.1(a)
September 15, 2004

Before: ALITO, AMBRO, and FISHER, <u>Circuit Judges</u>

(Opinion Filed: September 30, 2004 )

OPINION OF THE COURT

:

Because we write for the parties only, we do not set out the facts of this case. We conclude that the District Court lacked subject matter jurisdiction to consider Nachtsheim's contract claim under the Railway Labor Act, and we vacate that part of its order granting Continental Airlines, Inc. (Continental) summary judgment. In all other respects, we affirm.

I.

A.

Nachtsheim concedes that a six-month statute of limitations applies to his claim against the International Association of Machinists and Aerospace Workers (the Union) for breach of its duty of fair representation. Br. of Appellant at 17. Such a claim accrues "when the plaintiff receives notice that the union will proceed no further with the grievance." Vadino v. A Valey Eng'rs, 903 F.2d 253, 260 (3d Cir. 1990) (internal quotation marks omitted). Nachtsheim plainly received such notice in the Union's letter of November 24, 2000, which stated that "no future appeal will be made" and that "this matter will be removed from the System Board of Adjustment and considered closed in the District files." Nachtsheim has not argued that his receipt of the letter was delayed, and even assuming it arrived as late as December 15 of that year, he would have been obligated to bring suit no later than June 15, 2001. His original complaint was thus untimely when filed on September 21, 2001, and the Union was entitled to summary

2

judgment.[1]

B.

Nachtsheim also argues that the District Court erred in granting Continental's motion for summary judgment. Summary judgment may be granted if the moving party establishes that "there is no genuine issue as to any material fact and that [it] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). All inferences drawn from the facts submitted to the District Court must be drawn "in the light most favorable to the party opposing the motion." Goodman v. Mead Johnson & Co., 534 F.2d 566, 573 (3d Cir. 1976).

Applying these principles, we agree with the District Court that Continental was entitled to summary judgment on Nachtsheim's state law claims for breach of contract. Section 2 of the Railway Labor Act (RLA), 45 U.S.C. § 151a, made applicable to the nation's airlines by 45 U.S.C. § 181, preempts state law governing "minor" disputes between employers and employees. See Hawaiian Airlines, Inc. v. Norris, 512 U.S. 246,

---

[1]While the District Court correctly determined that Nachtsheim's claim accrued when he received the November 24 letter, neither Nachtsheim's complaint nor the Union's answer averred this or any other date as the time of accrual. Accordingly, the District Court's decision to dismiss Nachtsheim's complaint rested on "matters outside the pleading . . . presented to and not excluded by the court," Fed. R. Civ. P. 12(b), and the Union's motion should have been "treated as one for summary judgment and disposed of as provided in Rule 56." Id. But since it appears from the parties' briefs on the motion that they had a "reasonable opportunity to present all material made pertinent to such a motion by Rule 56," id., and since no one presses the point on appeal, we conclude that the parties had implied notice of the conversion and that any trial error was harmless. See Rose v. Bartle, 871 F.2d 331, 340-42 (3d Cir. 1989).

3

256 (1994) (citing sources). A dispute is minor if it involves "the interpretation or application of existing labor agreements," id., whereas a major dispute involves "rights and obligations that exist independent of the CBA." Id. at 260. It is tautological that a contract right cannot be independent of a contract and that determining whether Continental breached the CBA and the covenant of good faith and fair dealing implied therein will involve "interpretation and application" of the CBA. Nachtsheim's state law contract claims were thus "minor" disputes and were preempted.

Nachtsheim's *federal* contract claim presents a thornier issue. He brought the claim under section 301 of the Labor Management Relations Act, but that Act does not apply to employers subject to the RLA. See 29 U.S.C. § 152(2). By a 1936 amendment, 45 U.S.C. §§ 181-185, the coverage of the RLA was extended, with minor exceptions, to "every common carrier by air engaged in interstate or foreign commerce." Because Continental is a "common carrier by air," it is subject to the RLA, not the Labor Management Relations Act.

Under the RLA, federal courts generally do not have jurisdiction over "minor" disputes (as defined above), which must be litigated before special arbitral or administrative tribunals. See Childs v. Pa. Fed'n Bhd. of Maint. Way Employees, 831 F.2d 429, 433 (3d Cir. 1987). Federal jurisdiction lies for such disputes in only four exceptional situations: (1) when "the employer repudiates the private grievance machinery"; (2) when "resort to administrative remedies would be futile"; (3) when "the

4

employer is joined in a DFR claim against the union"; or (4) when "the union's DFR breach causes the employee to lose the right to present his or her grievance." Miklavic v. USAir Inc., 21 F.3d 551, 555 (3d Cir. 1994).

The first two exceptions clearly do not apply here. The third seems promising at first blush, but we have held that it applies only when the plaintiff alleges facts "tying the employer to the events complained of," such as "collusion or some similar nexus between the union and the employer," rather than "separate and distinct" claims. Masy v. N.J. Transit Rail Operations, Inc., 790 F.2d 322, 327 (3d Cir. 1986). Nachtsheim alleges that Continental terminated him without cause and that his Union failed to provide him with competent and effective representation. These are separate and distinct claims, and Nachtsheim has not adduced any evidence of "collusion or some similar nexus" that would warrant joining his employer in his federal suit.

The fourth and final exception is also unavailing. This Court took pains in Childs to emphasize that the fourth exception "is a narrow one and cannot be interpreted as undermining the general rule of exclusive NRAB jurisdiction for minor disputes." Childs, 831 F.2d at 441. The plaintiff must meet the "heavy burden" of showing that "the union's breach of its DFR precluded his recovery from the railroad, and that his reliance on the union was reasonable." Id. Nachtsheim has not come close to meeting this standard, even at the summary judgment stage. He has neither disputed that the Union had the power under the CBA to decline to prosecute his claim further, nor claimed that

5

the Union's representation was the sine qua non to proceeding further. Indeed, he acknowledges that "under the RLA an employee may bring a grievance to his employer or the NRAB on his own." Br. of Appellant at 17. In short, Nachtsheim has presented no evidence that he was "compelled by the actions of his union to turn to the federal courts." Childs, 831 F.2d at 440. The District Court thus lacked subject matter jurisdiction over his claim.

We turn at last to the gravamen of Nachtsheim's complaint, that Continental terminated him because of his age. Our analysis is confined to the indirect evidence of discrimination Nachtsheim presented under the third prong of the McDonnell Douglas test. As we explained in Fuentes v. Perskie, a plaintiff must do more than "show that the employer's decision was wrong or mistaken" to avoid summary judgment. 32 F.3d 759, 765 (3d Cir. 1994). The plaintiff must adduce evidence that the employer's proffered reason was a *pretext* – that is, "a post hoc fabrication." Id. at 764. A reasonable factfinder may then infer that "the real motivation is the one that the plaintiff has charged." Sheridan v. E.I. Dupont de Nemours & Co., 100 F.3d 1061, 1069 (3d Cir. 1996).

Nachtsheim's evidence, which amounts to his own affidavit and criticism of the quality of Continental's investigation, does not rise to this level. He does not dispute that he was captured on Continental's security tape removing a garment bag from a closet at about the same time that another employee's bag went missing. In fact, he insists that the

6

victimized employee's bag "looked just like his." Br. of Appellant at 57. This evidence actually tends to show that any mistake by Continental was innocent. It certainly does not show "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons that a reasonable factfinder could rationally find them unworthy of credence." Fuentes, 32 F.3d at 765.

Nachtsheim also offers as evidence of Continental's discriminatory motive a letter from Shirley Minn of Continental to Nachtsheim's union lawyer, Jeff Oliver. The letter reads in part: "Despite your assertion that Dan did not take someone else's bag, the fact that this was his second career (meaning he is more mature and credible than the average junior flight attendant) the evidence overwhelmingly supports the charge of theft and being untruthful." App. II at 172. Although Nachtsheim protests that a triable issue exists as to whether Mr. Oliver or Ms. Minn originally broached the subject of his maturity, any such issue would be immaterial. Regardless of who uttered these words, their syntax makes clear that "maturity" was considered, if anything, one of Mr. Nachtsheim's assets, not a liability. He was terminated "[d]espite" his maturity, not because of it. Because Nachtsheim has failed to adduce evidence that Continental's reason for discharging him was a pretext for unlawful discrimination, Continental was entitled to summary judgment on his state and federal antidiscrimination claims.

### III.

We have considered all of the appellant's arguments and see no basis for reversal.

The judgment of the District Court is therefore affirmed, except that part of its order of May 8, 2003, granting Continental summary judgment on Nachtsheim's contract claim under the RLA. That part of the order is vacated, and the matter is remanded with instructions to dismiss Nachtsheim's claim for lack of subject matter jurisdiction.